**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

v.  Case No. 6:13-cr-188-Orl-37KRS

DEMIS ULISES MOKAY-FONG,

---

**ORDER**

On July 31, 2013, a grand jury returned a six-count Indictment charging indigent Defendant Demis Ulises Mokay-Fong and others with, *inter alia*, possession with the intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 59.) Pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, the Court appointed attorney Charles M. Greene to represent Monkay-Fong. (Doc. 45.) On November 21, 2013, Mokay-Fong pled guilty to all six counts of the Indictment (*see* Doc. 113), and on April 28, 2014, the Court sentenced him (*see* Doc. 155). Mr. Greene represented Mokay-Fong throughout those proceedings, and he now seeks $12,038.28 in attorney's fees from the Court.

"The [CJA] was enacted to provide compensation for attorneys appointed to represent indigent defendants in federal criminal trials." *Ferri v. Ackerman*, 444 U.S. 193, 199 (1979). That compensation, however, is only a means to an end. The CJA ultimately aims to ensure that indigent defendants receive "counsel and services" that are "nearly equal" to those which paying defendants receive, *see United States v. Henderson*, 525 F.2d 247, 251 (5th Cir. 1975), and its payment provisions reflect Congress' conclusion that it could "improve the quality of the representation of indigents" by

reasonably compensating appointed attorneys rather than relying on their *pro bono* efforts. *See Ferri*, 444 U.S. at 199. Nevertheless, there remains a *pro bono* element to the CJA's compensation scheme, as its per-case cap on attorney's fees reflects.

The CJA permits courts to award attorney's fees, but it caps the amount of awardable fees in a given case to a maximum set by the Judicial Conference. *See* 18 U.S.C. § 3006A(d)(1), (2). Per the Judicial Conference's Guide to Judiciary Policy, Volume 7 (the "Guide"), the Court cannot award attorney's fees in excess of $9,800.00 for trial work in a felony case that concluded between March 1, 2014, and December 31, 2014, unless the case was either "extended" or "complex." *See* Guide, §§ 230.23.10–.40; *see also* 18 U.S.C. § 3006A(d)(3) (providing that attorney's fees can exceed the standard case-maximum only if the case was "extended" or "complex"). A case is "extended" if "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." *See* Guide § 230.23.40(b). A case is "complex" if "the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case." *See id.*

Here, Mr. Greene has submitted a copy of CJA Form 20[1] with an attached memorandum in which he concedes that his $12,038.28 fee request exceeds the $9,800.00 statutory cap by $2,238.28, but he nevertheless argues that the excess fee amount is justified given the "extraordinary circumstances" that this case presented. According to Mr. Greene, the "extraordinary circumstances" presented in this case include

---

[1] Mr. Greene's request for fees in excess of the CJA's presumptive maximum should technically have been made in a copy of CJA Form 26, "Supplemental Information Statement for a Compensation Claim in Excess of the Statutory Case Compensation Maximum: District Court," but the Court has sufficient materials before it to resolve Mr. Greene's request at this time.

a language barrier (Mr. Green explains that he "does not speak Spanish" and Mokay-Fong "does not speak even rudimentary English"), a large volume of discovery materials that required translation, and a disagreement with the United States regarding Mokay-Fong's role in the charged conspiracy.

Upon review of his submission and the record in this case, the Court respectfully disagrees that Mr. Greene is entitled to excess attorney's fees. When determining whether a case was "extended" or "complex," the Guide requires the Court to compare the case before it to an "average case." *See* Guide § 230.23.40(b). By that rubric, a wide variety of complicated and lengthy criminal litigation passes through the Middle District of Florida and, based upon the Court's judicial experience, this case—which resolved by plea with relative expediency—was not so "extended" or "complex" as to warrant deviation from the CJA's presumptive maximum award.

This finding is not intended as a reflection on the quality, vigor or effectiveness of the representation. Mr. Green is well known to the Court and his service as a member of the CJA panel has been consistently of the highest caliber. This case is no exception. The Court recognizes that the effectiveness of the CJA depends upon the participation of well qualified attorneys like Mr. Greene to accept court appointment to represent qualified defendants. But for the constraints imposed by Congress the Court would find the fee application to be most reasonable. Application of the statute requires that the fee award be limited to the statutory maximum of $9,800.00.

Accordingly, it is **HEREBY ORDERED AND ADJUDGED** that Mr. Greene's request for approval of attorney's fees in excess of the $9,800.00 allowed under the CJA, *see* 18 U.S.C. § 3006A(d), is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 24, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record